## SANBORN'S PETITION.

Where the same highway is laid out in two towns, the road commissioners have no power under the statute to order part of the expense of making the road in one of the towns to be paid by the other town.

If the road commissioners in their report laying out a road make such an order, their report will be rejected and the petition recommitted.

THE PETITION of R. J. Sanborn and others, for a highway in Deerfield and Candia.

The petition having been referred to the road commissioners, and a hearing had thereon, the commissioners made their report in favor of laying out the highway.   The report, after setting out the notice to the towns and all others interested, of the time and place of hearing, and the proceedings at the hearing, then sets forth that the commissioners are of opinion that there is occasion for a new highway on the route described in the petition, and that the same is demanded for the public accommodation,

and proceeds to lay out the highway, describing it, its termini and width, and the names of the land-owners over which it is laid out, to award damages to the land-owners in the towns of Candia and Deerfield respectively, and to estimate the expense of building the different parts of the highway lying within the respective towns, in the usual mode of such reports, and then proceeds as follows : " We further report, that being of the opinion that said new highway laid out by us was demanded for the public accommodation, and that the said town of Candia, through which said highway passes, would be excessively burdened by defraying the whole expense of constructing that part of said highway which lies within said town, we made careful examination of all the circumstances relating to said highway in said town, its public utility, and the expense of its construction, the ability of said town to bear the expense of its construction, and the benefit which the said town, and also which the town of Deerfield, another town adjoining thereto, would derive from the construction thereof; and being of opinion, upon such examination, that said town of Candia would be excessively burdened by defraying all the expenses of constructing said highway in that town, and that said town of Deerfield would be greatly benefited by said highway, we adjourned the further consideration of said highway until" — a day therein named — and gave notice to the town of Deerfield, and all others interested, to be heard in the premises ; and, at the time and place of said adjournment, the said town of Deerfield appeared by their selectmen and counsel, and having heard all persons who desired to be heard, — " We are of opinion that the said town of Deerfield ought to pay a portion of the expense of constructing said highway in said Candia, to wit., the sum of six hundred dollars, that being such part of said expense as we deem it just and reasonable, under all the circumstances, for the town of Deerfield to pay. We therefore apportion the said sum of six hundred dollars, being such part of the expense of constructing said highway in Candia as we deem just and reasonable, to the town of Deerfield, to be borne by said town."

The petitioners moved for the acceptance of the report, and also, if the court should be of opinion that so much of the report as relates to the payment by Deerfield of said sum towards the expense of constructing the highway in Candia should be rejected, then that the report, so far as it lays out the highway, be accepted, and if the motions be denied, then that the report be recommitted to the road commissioners, with instructions. The towns of Deerfield and Candia move that the report be rejected.

*Hatch*, for Candia.

*St. Clair*, for Deerfield.

*Stickney & Tuck*, for the petitioners.

PERLEY, C. J. The statute provides that if the road commissioners, on laying out a road, shall be of opinion that " the town or towns through which the same passes would be excessively burdened by paying the whole expenses of constructing the same," and " that any other town or towns in the vicinity, in the county or counties through which said road passes, would be greatly benefited by its construction," they shall apportion such part of said expenses as they shall deem just and reasonable to such town or towns, &c.

By the general law of the State, highways within the limits of towns must be made and kept in repair by the towns in which they respectively lie. This general rule was modified by the recent statute, so far as to allow the commissioners, on laying out a new highway in any town or towns, to assign a certain proportion of the expense to another town or other towns in the vicinity, and in the same county or counties. The road whose expenses may be thus apportioned is the road prayed for, whether lying in one or more towns ; and the town or towns upon which the burden is in part to be shifted, are other towns than those in

which the road is laid out, and in the vicinity. The language of the statute does not reach to the present case. Here the road is laid out in the towns of Deerfield and Candia, and the order of the commissioners undertakes to assign to Deerfield, one of the towns in which the road is laid out, a certain proportion of the expense of constructing that part of the road which lies in the other town. The case, therefore, does not come within the terms of this provision of the statute.

And the provision in the second section of the statute for enforcing performance of the judgment apportioning the expense, is directed against a town or towns " other than the town or towns" through which the road is laid out, and the authority to raise money to meet the judgment is given to any " other town," &c.

We are of opinion that this case does not fall within the statute giving the commissioners power to apportion part of the expenses of a road on other towns.

The petitioners contend that, if the order of the commissioners apportioning an additional share of the expense on Deerfield is not warranted by the statute, that part of the report shall be rejected, and the report accepted as to the residue, establishing the road, and leaving each town to make the part of the road lying within its limits. But we think the report must be recommitted.

In *Dudley* v. *Cilley*, 5 N. H. 560, the court say, that in determining the question whether there is occasion for a highway, three things are to be considered : " 1. The public exigency and convenience ; 2. The burden that is to be imposed upon the town or towns where the road is to be laid out, in making and keeping it in repair ; 3. The rights of individuals whose lands may be taken for the purpose." The amount of burden imposed on the towns is one, and a very important consideration for the commissioners on a petition to lay out a highway. The towns ought not to be excessively burdened. A just proportion must be observed between the amount of public accommodation and the severity of the task proposed to be laid on the town. In

this case the court cannot infer that the commissioners would have laid out the road, if Candia were left to bear the whole expense of making it within her limits.    We must suppose that their decision laying out the road went on the ground and on the condition that Candia was to be relieved from the expense of building her part to the amount of six hundred dollars.

*Report recommitted to the County Commissioners.*